UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MY'SHEKIA SMITH**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-cv-2306 (TSC) |
| ) | |
| **UNITED STATES DEPARTMENT OF AGRICULTURE**, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINON**

*Pro se* Plaintiff My'Shekia Smith brings this action against Defendant United States Department of Agriculture, alleging an unspecified "personal injury" due to Defendant's negligence.  Complaint, ECF No. 1 at 1.  The court will dismiss Plaintiff's Complaint because it does not meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure, *see Jarrel v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987), and Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction" and "(2) a short and plain statement of the claim showing that the pleader is entitled to relief."  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and defense and determine whether the doctrine of *res judicata* applies.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  A complaint that "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished

from bold conclusions, sharp harangues and personal comments" will fail Rule 8's standard. *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017, *aff'd sub nom.*, *Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). As pleaded, Plaintiff's Complaint falls into this category.

Plaintiff alleges that she was employed by Defendant, accrued substantial financial debt due to student loans, is unhappy with her employment prospects after completing her higher education, and has experienced "more harm than help" from her education. Complaint at 1. But she does not cite a single statute and fails to provide fair notice to Defendant of her claim. Her causes of action, if any, are completely undefined.

To the extent that Plaintiff brings a suit in tort against the Department of Agriculture, she would generally need to rely on the Federal Tort Claims Act ("FTCA"). However, under the FTCA a federal court only acquires jurisdiction over a tort action against a federal agency and its officers after the plaintiff has exhausted her available administrative remedies by submitting her tort claim to the agency, which must provide a final written denial of the claim. 28 U.S.C. § 2675(a). Informal complaints do not suffice. *See Davis v. United States*, 944 F. Supp. 2d 36, 39 (D.D.C. 2013). Further, because the FTCA's exhaustion requirement is a jurisdictional prerequisite, the plaintiff bears the burden of pleading exhaustion of administrative remedies to establish the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Here, Plaintiff has not pleaded exhaustion of her administrative remedies; consequently, the court is required to dismiss her claims. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Smith v. Clinton*, 886 F.3d 122, 127 (D.C. Cir. 2018).

However, because Plaintiff is proceeding *pro se* her Complaint will be dismissed without prejudice.

Date:  September 13, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN